# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WAGO VERWALTUNGSGESELLSCHAFT MBH,<br><br>*Plaintiff*,<br><br>v.<br><br>ROCKWELL AUTOMATION, INC.,<br><br>*Defendant*. | Case No. 1:11cv756<br><br>Judge Christopher A. Boyko<br>Magistrate Judge Nancy A. Vecchiarelli<br><br>Jury Demand |

### DEFENDANT ROCKWELL AUTOMATION, INC.'S
### ANSWER, AFFIRMATIVE DEFENSES, AND
### COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Rockwell Automation, Inc. ("Rockwell"), by its attorneys, hereby answers the Amended Complaint of Plaintiff WAGO Verwaltungsgesellschaft mbH ("Plaintiff") as follows, using the same headings and numbering as in the Amended Complaint:

### I.    PARTIES

#### WAGO Verwaltungsgesellschaft mbH ("WVG")

1.    Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

#### Defendant

2.    Rockwell admits that it is a Delaware corporation, with a principal place of business in Wisconsin.  Rockwell admits that it has an office at 9020 Stony Point Parkway Richmond, Virginia 23235.  Rockwell admits that it is registered with the Virginia State Corporation Commission and that its registered agent is CT Corporation System, 4701 Cox

Road, Suite 301, Glen Allen, Virginia 23060. Rockwell admits that it has an office at 1 Allen Bradley Drive, Mayfield Heights, Ohio 44124. Rockwell admits that it has an office located at 1201 South 2nd Street, Milwaukee, Wisconsin 53204. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## II. NATURE OF THE ACTION, JURISDICTION AND VENUE

### Nature of the Action

3. Rockwell admits that the Amended Complaint purports to state a claim under the patent laws of the United States, but denies that any such violation has occurred. Rockwell admits that the Complaint purports to seek injunctive relief and damages as well as trebling of damages and an award of costs and attorneys' fees based on willful infringement, but denies that Plaintiff is entitled to any such relief. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

### Subject-Matter Jurisdiction

4. Rockwell admits that the Amended Complaint purports to state a claim under the patent laws of the United States, and on that basis, Rockwell admits that this Court has subject matter jurisdiction. Rockwell denies that this Court has subject-matter jurisdiction based on "35 U.S.C. § 1331" as stated in paragraph 4 of the Amended Complaint. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

**Personal Jurisdiction**

5. Rockwell admits that the Amended Complaint purports to allege willful patent infringement against Rockwell, but denies committing any such violation. Rockwell admits that it has a sales office located at 9020 Stony Point Parkway, Richmond, Virginia 23235. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

6. Rockwell admits that it is registered with the Virginia State Corporation Commission, and its registered agent is CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

7. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

**Venue**

8. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

**III.    BACKGROUND**

**History of Dispute**

9. Rockwell admits that U.S. Patent No. 5,716,241 ("the '241 patent") issued on February 10, 1998, and that it purports to claim priority to a German Patent, De 44 02 002.3, but Rockwell lacks knowledge or information sufficient to form a belief about whether the '241 patent is entitled to a priority date of January 18, 1994. Rockwell lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 9, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

10. Rockwell admits that a letter dated July 4, 2007 from Mr. Joachim Gerstein was received by Rockwell Automation European Headquarters in Brussels, Belgium, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

11. Rockwell admits that a letter dated August 31, 2007 from Tyco Electronics Logistics AG was sent to Mr. Joachim Gerstein, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

12. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

### Patent Invalidation Proceeding Commenced by Defendant in Germany

13. Rockwell admits that on July 17, 2008, Rockwell Automation Germany GmbH & Co. KG commenced a proceeding before the Federal Patent Court of Germany to invalidate German Patent DE 44 02 002.3, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

14. Rockwell admits that on December 9, 2009, the German Federal Patent Court issued an opinion opining that Rockwell Automation Germany GmbH & Co. KG did not prove the invalidity of the DE 44 02 002.3 patent. Rockwell admits that Rockwell Automation

Germany GmbH & Co. KG has appealed that decision to the Federal Court of Justice Germany and the appeal is pending, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

### Patent Infringement Suit Commenced Against Defendant in Germany

15. Rockwell admits that on December 11, 2008 WVG commenced a civil action against Rockwell and Rockwell Automation Germany GmbH in the Patent Division of the Regional Court of Dusseldorf, Germany alleging that Rockwell and Rockwell Automation Germany GmbH infringed the DE 44 02 002.3 patent. Rockwell admits that WVG subsequently added an additional defendant in that action to include Rockwell Automation B.V., but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

16. Rockwell admits that the Regional Court of Dusseldorf found against Rockwell and Rockwell Automation GmbH on the issue of infringement. Rockwell admits it has appealed that decision to the Higher Regional Court of Dusseldorf, Germany and that the appeal is pending. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

### Defendants POINT I/O System Products

17. Rockwell admits that it distributes Series 1734 and Series 1734D POINT I/O system products in the United States, but lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations in paragraph 17, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

18. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

19. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

20. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

21. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

22. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

23. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

24. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

25. Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

26. Rockwell admits that Exhibit B of the Amended Complaint purports to contain a copy of a version of a POINT I/O Selection Guide, but because Plaintiff failed to provide a citation to a particular page, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

27. Rockwell admits that Exhibit B of the Amended Complaint purports to contain a copy of a version of a POINT I/O Selection Guide, but because Plaintiff failed to provide a citation to a particular page, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

28. Rockwell admits that Exhibit B of the Amended Complaint purports to contain a copy of a version of a POINT I/O Selection Guide, but because Plaintiff failed to provide a citation to a particular page, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

29. Rockwell admits that Exhibit B of the Amended Complaint purports to contain a copy of a version of a POINT I/O Selection Guide, but because Plaintiff failed to provide a citation to a particular page, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

30. Rockwell admits that Exhibit B of the Amended Complaint purports to contain a copy of a version of a POINT I/O Selection Guide, but because Plaintiff failed to provide a citation to a particular page, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

31. Rockwell admits that Exhibit B of the Amended Complaint purports to contain a copy of a version of a POINT I/O Selection Guide, but because Plaintiff failed to provide a citation to a particular page, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

32. Rockwell admits that Exhibit B of the Amended Complaint purports to contain a copy of a version of a POINT I/O Selection Guide, but because Plaintiff failed to provide a citation to a particular page, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## IV.  UNITED STATES PATENT NO 5,716,241 (THE "'241 PATENT")

33.    Rockwell admits that the '241 patent issued on February 10, 1998 and that a copy of the '241 patent is attached as Exhibit A to the Amended Complaint, Rockwell denies that the '241 patent was "duly and legally issued," but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

34.    Rockwell admits that it was given written notice of an alleged infringement of the '241 patent prior to receiving the complaint in this action, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

35.    Rockwell denies the allegation to the extent it is based on an assumption that "infringement began," and lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

**Claim 1 of the '241 Patent**

36.    Denied.

**Claim 2 of the '241 Patent**

37.    Denied.

**Claim 3 of the '241 Patent**

38.    Denied.

**Claim 4 of the '241 Patent**

39.    Denied.

## V. COUNT ONE: DIRECT INFRINGEMENT OF THE '241 PATENT

40. Rockwell's responses to the allegations in paragraphs 1-39 are incorporated by reference as if fully restated herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### Prayer for Relief

To the extent a response is required, Rockwell denies the Prayer for Relief

## VI. COUNT TWO: INDUCEMENT OF INFRINGEMENT OF THE '241 PATENT

48. Rockwell's responses to the allegations in paragraphs 1-39 are incorporated by reference as if fully restated herein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

**Prayer for Relief**

To the extent a response is required, Rockwell denies the Prayer for Relief

VII. **COUNT THREE: CONTRIBUTORY INFRINGEMENT OF THE '241 PATENT**

56. Rockwell's responses to the allegations in paragraphs 1-39 are incorporated by reference as if fully restated herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**Prayer for Relief**

To the extent a response is required, Rockwell denies the Prayer for Relief

64. Rockwell has admitted or denied each averment for which a responsive pleading is required. To the extent any averment requiring a responsive pleading has not been responded to, it is hereby denied.

**AFFIRMATIVE DEFENSES**

Rockwell asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Amended Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

65. Rockwell has not infringed and is not infringing any valid and enforceable claim of the '241 patent, either literally or under the doctrine of equivalents.

66. The claims of the '241 patent are invalid for or failure to meet the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

67. Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or unclean hands.

68. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

69. As to Plaintiff's allegation that the alleged infringement was and/or is willful, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

70. Defendant and Counterclaim-Plaintiff Rockwell Automation, Inc. ("Rockwell") asserts the following Counterclaims against Plaintiff and Counterclaim-Defendant WAGO Verwaltungsgesellschaft mbH ("WVG").

## THE PARTIES

1. Rockwell is a Delaware corporation having a principal place of business in Wisconsin.

2. Based on the averments in paragraph 1 of the Amended Complaint, WVG is a German limited liability company having it principal place of business located at Hansastrasse 27, 32423 Minden, Germany.

## NATURE OF THE COUNTERCLAIMS AND JURISDICTION

3. Rockwell's Counterclaims arise under 28 U.S.C. § 2201. Rockwell seeks declaratory relief, specifically, a judicial declaration (a) that Rockwell has not infringed and is not infringing U.S. Patent No. 5,716,241 ("the '241 patent") and (b) that the asserted claims of the '241 patent are invalid.

4. This Court has jurisdiction over Rockwell's Counterclaims under 28 U.S.C. §§ 1331, 1338(a).

## COUNT I

## NON-INFRINGEMENT

5. Rockwell incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

6. Rockwell has not infringed and is not infringing any valid, enforceable claim of the '241 patent, either literally or under the doctrine of equivalents.

7. Rockwell therefore seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '241 patent, either literally or under the doctrine of equivalents.

## COUNT II

## INVALIDITY

8. Rockwell incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

9. One or more claims of '241 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

10. Rockwell therefore seeks a declaratory judgment that one or more claims of the '241 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et seq.*

**PRAYER FOR RELIEF**

Rockwell Automation, Inc. respectfully prays for Judgment against WVG as follows:

(1) ordering WVG take nothing by its Amended Complaint;

(2) declaring that Rockwell does not infringe any claim of the '241 patent;

(3) declaring that the asserted claims of the '241 patent are invalid;

(4) declaring this is an exceptional case under 35 U.S.C. § 285 and that Rockwell is entitled to an award of its attorneys' fees;

(5) awarding Rockwell its costs and disbursements of this action; and

(6) awarding Rockwell such other and further relief as this court may deem just and proper.

## JURY DEMAND

Rockwell demands a trial by jury as to all issues in this matter so triable.

Dated: April 22, 2011  /s/    Scott S. Balber
Scott S. Balber
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: SBalber@chadbourne.com

**ATTORNEY FOR DEFENDANT
ROCKWELL AUTOMATION, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served this 22nd day of April, 2011, with a copy of this document via the Court's CM/ECF system and counsel for Plaintiff is being served by FedEx and by electronic mail at the following address:

Robert Cook, Esq.
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
Tel.: (703) 787-9400, ext. 122
Fax: (703) 787-7557
Email: bob@wcc-ip.com


Dated: April 22, 2011                    /s/     Scott S. Balber

                                         Scott S. Balber
                                         CHADBOURNE & PARKE LLP
                                         30 Rockefeller Plaza
                                         New York, NY  10112
                                         Tel.: (212) 408-5100
                                         Fax: (212) 541-5369
                                         Email: SBalber@chadbourne.com

                                         **ATTORNEY FOR DEFENDANT**
                                         **ROCKWELL AUTOMATION, INC.**