# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| WAGO VERWALTUNGSGESELLSCHAFT MBH,<br>　　　　　　Plaintiff,<br><br>v.<br><br>ROCKWELL AUTOMATION, INC.,<br>　　　　　　Defendant. | Case No. 1:11CV756<br><br>JUDGE CHRISTOPHER A. BOYKO |

### REPORT OF PARTIES' PLANNING MEETING
### UNDER FED. R. CIV. P.26(f), L.R. 16.3(b)(3) AND L.P.R. 2.1

1.　　Parties' Discovery Conference. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a telephonic meeting, held on June 3, 2011, was attended by:

　　Robert N. Cook, counsel for plaintiff WAGO Verwaltungsgesellschaft mbH

　　John M. Hintz and Paul J. Tanck, counsel for defendant Rockwell Automation, Inc.

2.　　Exchange of Disclosures. The parties have exchanged the disclosures required by L.P.R. 3.1, 3.2, 3.3 and 3.4. The parties have agreed that they will exchange initial disclosures as required by Fed. R. Civ. P. 26(a)(1) no later than Friday July 1, 2011.

3.　　Case Management Track. The parties have different recommendations as to which track is appropriate to this case. Plaintiff recommends the Standard track. Defendant recommends the Complex track.

4.　　Electronic Filing of Documents Pursuant to Local Rule 5.1(c). All parties' attorneys of record are registered with the Court's CM/ECF system.

5. <u>Alternative Dispute Resolution</u>. The parties have determined that the case is not suitable for Alternative Dispute Resolution at this time, but may be so at some point during discovery or after the completion of discovery.

6. <u>28 U.S.C. § 636(c)</u>. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. <u>Recommended Discovery Plan</u>.

(a) <u>Subjects, Nature and Extent of Discovery</u>. The parties foresee that discovery will be required relating to various issues expected to arise in this patent infringement case, such as, by way of example and not limitation, claim construction, claim validity, infringement, inequitable conduct, laches, and damages (including, but not limited to, willfulness of infringement and whether plaintiff marked its products in accordance with 35 U.S.C. § 287(a)). The parties recommend that the limits on discovery in the Federal Rules of Civil Procedure apply in this action. Each Rule 30(b)(6) notice of deposition shall count as one deposition without regard to the number of topics listed in the notice or the number of witnesses provided in response to the notice.

(b)-(e) <u>Non-Expert Discovery Cut-Off Date, Plaintiff's Expert Report Due Date, Defendant's Expert Report Due Date, Expert Discovery Cut-Off Date</u>. The parties have the following alternative proposals for the deadlines related to L.P.R. 3.5 (defendant's invalidity and unenforceability contentions), L.P.R. 3.7 (plaintiff's responses to same), and L.P.R. 4.1-4.5 (claim construction):

| Event | Plaintiff's Proposal | Defendant's Proposal[1] |
|---|---|---|
| L.P.R. 3.5 Invalidity and Unenforceability Contentions | Thu. 07/07/2011 | Mon. 09/19/2011 |
| L.P.R. 3.7 Plaintiff's Responses to Defendant's Invalidity and Unenforceability Contentions | Wed. 07/27/2011 | Mon. 10/10/2011 |
| L.P.R. 4.1(a) and (b) Exchange of Proposed Terms for Construction and Supporting Materials | Fri. 07/22/2011 | Mon. 10/3/2011 |
| L.P.R. 4.1(c) Final List of Claim Terms | Thu. 08/11/2011 | Fri. 10/14/2011 |
| L.P.R. 4.2(a) Exchange of Preliminary Claim Constructions and Evidence | Fri. 08/26/2011 | Fri. 10/28/2011 |
| L.P.R. 4.3(a) Disclosure of Claim Construction Expert | Mon. 09/12/2011 | Fri. 11/11/2011 |
| L.P.R. 4.3(b) Disclosure of Rebuttal Claim Construction Expert | Tue. 09/27/2011 | Mon. 11/28/2011 |
| L.P.R. 4.3(c) Completion of Expert Claim Construction Discovery | Wed. 10/12/2011 | Tue. 12/13/2011 |
| L.P.R. 4.2(c) Exchange of Final Claim Constructions | Mon. 10/17/2011 | Mon. 12/19/2011 |
| L.P.R. 4.4(a) Claim Construction Submissions | Tue. 11/01/2011 | Fri. 12/30/2011 |
| L.P.R. 4.4(b) Responsive Claim Construction Submissions | Thu. 12/01/2011 | Fri. 01/27/2012 |
| L.P.R. 4.5 Joint Claim Construction and Prehearing Statement | Tue. 12/06/2011 | Fri. 02/03/2012 |

With regard to the discovery milestones set forth in L.P.R. 3.10 (Final Infringement Contentions), 3.11 (Final Invalidity and Unenforceability Contentions), 4.7 (Close of Fact

---

[1] Defendant's proposed deadlines are based on a possible date on which the Court issues a ruling on "Defendant Rockwell Automation Inc.'s Motion for Judgment on the Pleadings" dated May 13, 2011 (Dkt. 41). Of course, if the Court grants Rockwell's motion, there will be no need to establish any deadlines. As an alternative to specific dates, the deadlines could be expressed as a number of days after the Court denies Rockwell's motion (*e.g.*, Rockwell's L.P.R. 3.5 Invalidity and Unenforceability Contentions would be due two weeks after issuance of the Court's denial of Rockwell's motion and other deadlines would follow at the time intervals implied by the above dates).

Discovery), 5.1 (Non-Claim Construction Expert Disclosures), and 5.2 (Non-Claim Construction Rebuttal Expert Disclosures), the parties herein propose to file a Joint Status Report 15 days after the date of the Court's Claim Construction Ruling with a proposed schedule for such milestones and related discovery. Non-expert discovery should continue after the Court construes the claims until a discovery cut-off date to be set by the Court or, if there is no such date, until the discovery cut-off date established by the Local Patent Rules.

8. <u>Recommended Cut-off Date for Amending the Pleadings and/or adding Additional Parties</u>: Monday August 15, 2011.

9. <u>Recommended Dispositive Motion Date</u>. The parties herein propose that a Joint Status Report should be filed 15 days after the date of the Court's Claim Construction Ruling and that such report should recommend a cut-off date for dispositive motions. *See* L.P.R. 6.1.

10. <u>Recommended Date for a Status Hearing</u>. Because of the differences between the parties concerning the sequence and timing of claim constructions discovery, the parties do not have a recommended date for a status hearing.

11. <u>Other Matters for the Attention of the Court</u>. The following additional matters were discussed by counsel for the parties:

(a) <u>Email Service of Papers Not Required to Be Filed with the Court</u>. The parties herein agree pursuant to Fed. R. Civ. P. 5(b)(2)(F) that papers not required to be filed with the Court may be served by email; provided, however, that counsel receiving email service shall promptly acknowledge receipt by reply email and that, if such acknowledgment is not received within one business day, counsel making email service shall promptly contact counsel to be served by telephone, fax or email to arrange alternative service by fax or overnight delivery, which alternative service shall be considered timely if effected within the same

business day as said contact for fax or email and within one additional business day of said contact for overnight delivery; and further provided that the three-day time period provided under Fed. R. Civ. P. 6(d) shall not apply to papers served by email.

(b) <u>Discovery of Electronically Stored Information</u>. Counsel for the parties are still in the process of determining the extent to which special procedures, if any, will be required for the discovery of electronically stored information.

(c) <u>Order to Protect Confidential Information</u>. The parties anticipate that they will propose a confidentiality order governing discovery no later than Monday June 27, 2011. The parties anticipate that their proposed order will be substantially the same as the model stipulated protective order contained as Exhibit A to the Local Patent Rules.

(d) <u>Claims of Privilege or for the Protection of Trial-Preparation Material</u>.

The parties anticipate addressing address claims of privilege or for the protection of trial-preparation material in a proposed confidentiality order to govern discovery.

(e) <u>No Discovery from Non-Testifying Experts.</u> The parties herein agree that no discovery can be taken from any consulting expert except to the extent that such consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this provision shall be treated as attorney work product for the purposes of this litigation.

(f) <u>No Discovery of Draft Expert Reports</u>. The parties herein agree that a testifying expert's draft reports, notes, outlines, and any other writings relating to this litigation leading up to his or her final report(s) in this case created after the filing date of this lawsuit are

exempt from discovery. In addition, communications (whether oral or written) between or among experts retained by counsel (or the experts' assistants) and the retaining party's employees, consultants, and in-house or outside counsel, occurring after the filing date of this lawsuit, are exempt from discovery. The expert must produce his or her final report and all materials on which he or she relied. To the extent that the expert relies upon information that has been previously produced, the expert may identify such documents by production number in lieu of producing such information. Notwithstanding the above exclusions, the following shall be discoverable and/or usable at trial: (i) notes, documents, work product, or communications that have been relied upon by an expert in the formulation of his or her opinions in this lawsuit; and (ii) compensation arrangements and compensation related documents for experts (*e.g.*, an expert's bill and invoices to his or her client(s) regarding the litigation, which may be redacted as necessary for attorney-client privilege, work-product protection, or any other privilege or protection).

(g) <u>Withheld Document Logs</u>. The parties have agreed that no party shall be required to identify on its withheld document log under Rule 26(b)(5) any document or communication dated on or after the filing date of this action (*i.e.*, February 17, 2011) which, absent this provision, the party would have been obligated to identify on its withheld document log.

Date: June 10, 2011

/s/ John M. Hintz
_____
John M. Hintz (admitted *pro hac vice*)
Scott Balber (admitted in N.D. Ohio)
Paul J. Tanck (admitted *pro hac vice*)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, N.Y. 10112
(212) 408-5100 (voice)
(212) 230-8888 (fax)
jhintz@chadbourne.com
sbalber@chadbourne.com
ptanck@chadbourne.com

COUNSEL FOR DEFENDANT
ROCKWELL AUTOMATION, INC.

Respectfully submitted,

/s/ Robert N. Cook
_____
Robert N. Cook (*pro hac vice*)
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
bob@wcc-ip.com

Mark C. Johnson (0072625)
Renner, Otto, Boisselle & Sklar, LLP
1621 Euclid Avenue, 19th Floor
Cleveland, Ohio 44115
(216) 736-3170 (voice)
(216) 621-6165 (fax)
mjohnson@rennerotto.com

COUNSEL FOR PLAINTIFF
WAGO VERWALTUNGSGESELLSCHAFT
MBH

## CERTIFICATE OF SERVICE

I certify that, on June 10, 2011, I caused the foregoing REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P.26(f), L.R. 16.3(b)(3) AND L.P.R. 2.1 to be electronically filed with the Clerk of Court using the Court's Case Management/Electronic Case Filing ("CM/ECF") System. All parties are represented by attorneys of record registered with CM/ECF and will receive service electronically. There is no party requiring a different form of service.

/s/ Robert N. Cook
_____
Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
bob@wcc-ip.com

Counsel for Plaintiff
WAGO VERWALTUNGSGESELLSCHAFT MBH