IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WAGO VERWALTUNGSGESELLSCHAFT MBH,<br><br>*Plaintiff*,<br><br>v.<br><br>ROCKWELL AUTOMATION, INC.,<br><br>*Defendant*. | Case No. 1:11cv756<br><br>Judge Christopher A. Boyko<br>Magistrate Judge Nancy A. Vecchiarelli |

**DEFENDANT ROCKWELL AUTOMATION INC.'S
REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS**

The patent claims at issue say what they say, and no amount of discovery or argument can change them, clarify them, or rescue them from invalidity. WVG attempts to delay the day of reckoning for those claims by arguing Rockwell's motion is premature, but WVG's opposition offers nothing specific to this case that precludes the entry of a judgment of invalidity of claims 1-4 of the '241 Patent for indefiniteness under 35 U.S.C. § 112. It would waste the resources of the Court and the parties to allow WVG to pursue its infringement allegations as to these claims through discovery and claim construction where the result of that process will be the same as the result that can and should be reached today. Rockwell's motion for judgment on the pleadings should be granted.

**I.    JUDGMENT ON THE PLEADINGS IS APPROPRIATE AT THIS TIME**

WVG argues that the Court should deny Rockwell's motion as premature, in one breath arguing that claim construction is necessary, and in the next arguing that it is not. *See* WVG's Opposition Brief ("Opp. Br.") at 14-15 (discussing the local patent rules' procedure for claim

1

construction) and Opp. Br. at 16 (arguing that to reach a conclusion on whether the claims mix a method step with apparatus elements, "it is not necessary to go beyond the pleadings and their exhibits, or to undertake a construction of the claims of the '241 patent") (emphasis added).

Rockwell and WVG agree that the Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (internal citation and quotation omitted). Where the parties disagree is whether it is appropriate for the Court to do so now. WVG asserts that Rule 12 motions may be granted only after all disputed facts are resolved (Opp. Br. at 5, 16), while failing to identify any factual disputes requiring resolution. There are no factual issues in dispute, for the claims say what they say, and, in any event, the issue of indefiniteness of patent claims is a matter of law for the Court to decide. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005); *see also* Opp. Br. at 5, 13, 16 (noting that indefiniteness is a question of law).

Neither Rockwell nor WVG point to any material outside of the pleadings that is needed to resolve the issue of indefiniteness other than the patent itself (which is a part of the pleadings because it was attached to the Amended Complaint).[1] Therefore, judgment on the pleadings, at this time, is appropriate under Rule 12(c). Indeed, a key goal of the federal rules as expressed in Rule 1 is best served by granting Rockwell's motion. *See* Fed. R. Civ. P. 1 (noting that the rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

---

[1] WVG mentions that the prosecution history for the patent-in-suit is not part of the record (Opp. Br. at 17), but WVG provides no explanation why it needs to be considered or how it is relevant to the issues at hand. It is not.

**A. The Court Does Not Need to Construe Any Claim Terms to Resolve This Motion**

There is no need for claim construction to decide Rockwell's motion. WVG agreed to as much in its opposition. *See* Opp. Br. at 15-16 ("Claims 1 and 4 of the '241 Patent do not provide 'both an apparatus and a method of use of that apparatus.' To reach that conclusion, it is not necessary to go beyond the pleadings and their exhibits, or to undertake a construction of the claims of the '241 Patent.") (internal citation omitted) (emphasis added). The claims say what they say. There is no need to decipher the meaning of the word "configuring," but rather only to determine the effect of WVG having used that word -- a word that improperly invokes a method step in claims directed to a device.

WVG emphasizes other court's decisions that were rendered after claim construction. Opp. Br. at 4n. First, none of those cases involved a Rule 12 motion or summary judgment motion that addressed the issue of indefiniteness for all claims in the patent or patents at issue. Thus, unlike here, a ruling on the motions in those cases would not have affected all of the claims at issue, and claim construction still would have been necessary for those other claims. As a matter of efficiency, one can understand why those courts held claim construction proceedings on all claim terms in dispute and then addressed the validity of the claims later.

Second, even though those decisions were reached at the same time as or after claim construction, it does not mean that timing is required or that any of those courts actually used the results of the claim construction process in making their rulings on indefiniteness: "[a]lthough many of the district courts addressing this issue rendered their indefiniteness decision either after or concurrently with the claim construction phase of the litigation, those decisions typically do not invoke or rely upon claim constructions." *Intellect Wireless, Inc. v. Kyocera Commc'ns, Inc.*, 2009 WL 3259996 at *3 (N.D. Ill. Oct. 8, 2009) (finding "that determining whether the

'186 and '416 Patents impermissibly claim mixed subject matter does not require claim construction.").

Tellingly, <u>none</u> of the Federal Circuit decisions to date addressing mixed subject matter claims, *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005), *Microprocessor Enhancement Corp. v. Texas Instruments, Inc.* 520 F.3d 1367 (Fed. Cir. 2008), and *Rembrandt Data Technologies, LP v. AOL, L.L.C.*, 2011 WL 1458662 (Fed Cir. Apr. 18, 2011), have indicated that that claim construction is a prerequisite to judicial determination of invalidity due to indefiniteness. In fact, the Federal Circuit decisions in *IPXL Holdings* and *Rembrandt* invalidated mixed method and apparatus claims as *per se* indefinite without utilizing the claim construction of any terms of those claims. *See IPXL Holdings*, 430 F.3d at 1380; *Rembrandt*, 2011 WL 1458662 at \*7. Accordingly, this Court need not undertake claim construction to resolve the legal issue presented in Rockwell's motion.

### B. The *Progressive* Case Cited in WVG's Opposition Brief Is Distinguishable

WVG cites *Progressive Casualty Ins. Co. v. Safeco Ins. Co.*, 2010 WL 4698576 (N.D. Ohio Nov. 12, 2010), for the proposition that "a Rule 12 motion is an inappropriate and premature vehicle for the claim construction that Defendant's argument requires." Opp. Br. at 15. In *Progressive*, the court held that "dismissing the complaint on the grounds that it fails to state a claim upon which relief may be granted because the subject matter is patent-ineligible would be premature under the circumstances of this case." *Id.* at \*4. Thus, the *Progressive* case dealt with a different statutory basis of invalidity (35 U.S.C. § 101) than the case at bar (35 U.S.C. § 112). Determining whether a claim contains patent-eligible subject matter would likely always require claim construction because the question goes to what has been claimed. Here, no

4

claim construction is necessary because the question is not <u>what</u> has been claimed, but <u>how</u> it has been claimed, *i.e.*, whether a method step has been inserted into an apparatus claim.

Notably, the *Progressive* Court recognized at least one other case that had disposed of a case on a Rule 12(b)(6) motion in the context of invalidity for patent-illegible subject matter (*Ultramercial, LLC v. Hulu, LLC,* No. CV 09-06918, 2010 WL 3360098 (C.D. Cal. Aug. 13, 2010)), but noted that "under the circumstances of [the *Progressive*] case" such a dismissal would be premature. *Id.*

The holding in *Progressive* is limited to motions to dismiss concerning the invalidity of patent claims based on ineligible subject matter. Moreover, the *Progressive* Court properly teaches that the question of invalidity must be analyzed on a case by case basis. *Progressive*, 2010 WL 4698576 at *4 ("dismissing the complaint ... because the subject matter is patent-ineligible would be premature *under the circumstance of this case*") (emphasis added). By no means should this Court enlarge the holding in *Progressive*, as WVG suggests, to create a bright line rule that a patent's invalidity should never be determined prior to claim construction. The Federal Circuit has not set such a bright line rule, and even when it has claim constructions available to it, the Federal Circuit itself has not utilized claim construction in evaluating claims of mixed subject matter. *See IPXL Holdings*, 430 F.3d at 1380; *Rembrandt*, 2011 WL 1458662 at *7.

### C. There Are No Disputed Factual Issues For the Court to Decide

WVG argues that its patent is presumed valid and Rockwell must establish invalidity "by clear and convincing evidence." Opp. Br. at 13. Rockwell does not dispute these accurate statements of the law, but what Rockwell emphasizes -- and what WVG ignores -- is that the issue of whether the claims of the '241 patent are indefinite is purely a legal issue so there are <u>no factual issues in dispute</u>. *See IPXL Holdings*, 430 F.3d at 1380 ("[I]ndefiniteness is a question of

5

law."). The words used in the patent claims are not in dispute -- the claims say what they say.[2] On the basis of the record in this action, *i.e.*, the Amended Complaint and the '241 Patent, there is clear and convincing evidence that the claims impermissibly attempt to cover mixed subject matter.

The indefiniteness of Claims 1-4 of the '241 Patent is evident from a reading of the patent itself. Months of discovery and claim construction briefing and arguments will not change the words in the claim nor be helpful to the Court in assessing whether those words, in particular, the word "configuring," impermissibly add a method step to apparatus claims. Federal Rule of Civil Procedure 12(c) contemplates that parties will not be forced to litigate issues that can be decided on the pleadings as a matter of law. Accordingly, there is no reason to delay a decision and force the parties and the Court to litigate a case that can and should be resolved today.

## II. ALL OF THE CLAIMS OF THE '241 PATENT ARE INVALID

### A. The Term "Configuring the Device" Does Not Describe a Hardware Characteristic of the Claimed I/O Device as WVG Asserts

WVG argues that "[t]he term 'configuring the device ...' in the claims of the '241 Patent is functional language describing hardware characteristics of the claimed invention" and that "[a]pparatus claims are not necessarily indefinite for using functional language." Opp. Br. at 18. WVG points to the '241 patent specification to support its argument, which "is attached to the Amended Complaint and is available for the Court's consideration in the context of a Rule 12(c)

---

[2] The patent term at issue is clear and WVG has not asserted that term or any claim terms have unusual meanings or meanings that cannot be determined simply by reading the claims and specification. Even if WVG were correct that claim construction is necessary, WVG has not demonstrated that there is a dispute between the parties as the meaning of any claim term. WVG's opposition merely shows that there is a dispute over the <u>effect</u> of WVG's use of a particular claim term, not what that term or any other term means. The Federal Circuit has made clear that claim construction is only necessary when the meaning of a term is disputed and claim construction is required to resolve the issue. *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1332 (affirming summary judgment and holding that "a district court need not construe *undisputed* claim terms prior to issuing a summary judgment of invalidity.").

motion for judgment on the pleadings." Opp. Br. at 17. Citing the '241 Patent specification, WVG argues that "the 'configuring the device ...' requirement does not provide a method of using the claimed apparatus but instead describes a feature of the claimed apparatus whereby 'the I/O devices, are configured as series terminals having an incorporated or mountable electronic means ....' (Dkt. 12-1, '241 Patent, col. 2, ll. 13-15)". Opp. Br. at 18. WVG's interpretation of the claim language and specification is wrong and ignores a plain, ordinary reading of the phrase "configuring the device."

The portion of the specification cited by WVG states that "the I/O devices are configured as series terminals having an incorporated or mountable electronic means ...." ('241 Patent, col. 2, lines 13-15). This does not describe a hardware characteristic of the claimed I/O device. *See* Rockwell Opening Brief ("Rockwell Br.") at 13. It is not stating that the I/O devices have a characteristic of being <u>capable</u> of being configured, as WVG would have the Court believe. *Id.* Rather, the language in the '241 patent specification states "the I/O devices <u>are configured,</u>" that is, the past tense of the action of configuring, an action undertaken by a person. Like the language in *IPXL Holdings* ("wherein ... the user uses") and *Rembrandt* ("transmitting the trellis encoded frames"), the language in the '241 patent claims ("configuring the device") is directed to a user action, not the device's capabilities. *Id.* WVG would have the court re-write the claims to preserve their validity (Opp. Br. at 7), but that is not possible. *Chef Am., Inc. v. Lamb-Weston, Inc.,* 358 F.3d 1371, 1374 (Fed. Cir. 2004) (holding "courts may not redraft claims, whether to make them operable or to sustain their validity").

### B. The *Microprocessor* Case Cited In WVG's Opposition Brief Is Distinguishable

The only Federal Circuit decision relied upon by WVG to support its theory that the claim term at issue ("configuring the device") describes a hardware characteristic of the claimed apparatus is M*icroprocessor Enhancement Corp. v. Texas Instruments, Inc.,* 520 F.3d 1367 (Fed. Cir. 2008). That decision is inapposite.

In *Microprocessor Enhancement*, the Federal Circuit addressed claims 1 and 7 of the patent-in-suit. As to the first claim, the Federal Circuit stated: "The drafting structure of claim 1 may be generally described as follows: 1. A method of executing instructions in a pipelined processor comprising: [structural limitations of the pipelined processor]; the method further comprising: [method steps implemented in the pipelined processor]." *Id.* at 1374 (bracketed text in original). The court found that a method claim can recite structure by which the method can be practiced:

> Method claim preambles often recite the physical structures of a system in which the claimed method is practiced, and claim 1 is no different. The conclusion of *IPXL Holdings* was based on the lack of clarity as to when the mixed subject matter claim would be infringed. There is no similar ambiguity in claim 1 of the '593 patent. Direct infringement of claim 1 is clearly limited to practicing the claimed method in a pipelined processor possessing the requisite structure.

*Id.* (internal citations omitted). Thus, claim 1 at issue in *Microprocessor Enhancement* was unambiguously a <u>method claim</u> that recited some limited structural context. In contrast, the claims of the '241 Patent are <u>apparatus claims</u> that impermissibly recite a method step. The claims of the '241 Patent do not resemble claim 1 in *Microprocessor Enhancement*, and that decision in inapplicable here.

The second claim at issue in *Microprocessor Enhancement,* claim 7, was challenged on the basis that it was a mixed system and method claim. The "-ing" words at issue in *Microprocessor Enhancement* were in means-plus-function format ("fetching means", "operating

8

means", and "writing means"). The Federal Circuit held that functional language in a means-plus-function format is explicitly authorized by statute (35 U.S.C. § 112, ¶ 6). The court concluded that claim 7 "is clearly limited to a pipelined processor possessing the recited structure and *capable* of performing the recited functions, and is thus not indefinite under *IPXL Holdings*." *Id.* (emphasis in original). The Federal Circuit's emphasis on the word "*capable*" is telling because it highlights the difference between the claim 7 in *Microprocessor Enhancement* versus the claims of the '241 Patent at issue here. The claim language "configuring the device" is neither written in a means-plus-function format (as seen in *Microprocessor Enhancement*), nor does it state that the I/O device is "capable of being configured," "adapted to be configured," "configurable," or anything like the language found acceptable in *Microprocessor Enhancement*. Rather, the '241 Patent claims' "configuring the device" describes a method step. It is an action that must be performed by a user, and the recitation of that action in the claims is an impermissible mixing of a method step in claims directed to devices.

### III. WVG'S DISCUSSION OF PLEADING REQUIREMENTS IS IRRELEVANT

WVG argues that Rockwell's motion should be dismissed because WVG's Amended Complaint conforms with Form 18 in the Appendix to the Federal Rules of Civil Procedure. Opp. Br. at 3, 11-13. This argument misses the point. Rockwell's Rule 12(c) motion is not directed to how WVG presented its allegations, but instead, Rockwell's motion contends that the patent claims asserted by WVG in the Amended Complaint are invalid on their face.

### IV. CONCLUSION

Claims 1-4 of the '241 Patent are indefinite for the reasons stated above and in Rockwell's opening brief. Neither discovery nor claim construction nor any other material outside of the pleadings is required to make that determination. Accordingly, Rockwell

respectfully requests that the Court enter judgment on the pleadings of invalidity of claims 1-4 of the '241 Patent pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and dismiss this action with prejudice.

Dated:  July 1, 2011  s/   John M. Hintz

John M. Hintz (admitted *pro hac vice*)
email:  jhintz@chadbourne.com
Scott S. Balber (admitted in N.D. Ohio)
email:  sbalber@chadbourne.com
Paul J. Tanck (admitted *pro hac vice*)
email:  ptanck@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369

**ATTORNEYS FOR DEFENDANT
ROCKWELL AUTOMATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served this 1st day of July, 2011, with a copy of this document via the Court's CM/ECF system.

        s/    Paul Tanck

Paul Tanck (admitted *pro hac vice*)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
email:  PTanck@chadbourne.com

**ATTORNEY FOR DEFENDANT
ROCKWELL AUTOMATION, INC.**