**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

WAGO VERWALTUNGSGESELLSCHAFT MBH,
             Plaintiff,

v.

ROCKWELL AUTOMATION, INC.,
                          Defendant.

Case No. 1:11CV756

JUDGE CHRISTOPHER A. BOYKO

**REVISED REPORT OF PARTIES' PLANNING MEETING
UNDER FED. R. CIV. P. 26(f), L.R. 16.3(b)(3) AND L.P.R. 2.1**

On June 10, 2011, Plaintiff WAGO Verwaltungsgesellschaft mbH and Defendant

Rockwell Automation, Inc. filed a joint REPORT OF PARTIES' PLANNING MEETING

UNDER FED. R. CIV. P. 26(f), L.R. 16.3(b)(3) AND L.P.R. 2.1 (Dkt. 42).  The parties jointly

submit the following revised planning report in the form set forth in Appendix B of the Local

Patent Rules.

Plaintiff WAGO Verwaltungsgesellschaft mbH and Defendant Rockwell Automation,

Inc. submit the following revised joint discovery plan:

1.    <u>Parties' Discovery Conference</u>.  Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a

telephonic meeting, held on June 3, 2011, was attended by:

        Mark C. Johnson, counsel for plaintiff WAGO Verwaltungsgesellschaft mbH

        Paul J. Tanck, counsel for defendant Rockwell Automation, Inc.

In addition, a telephonic meeting regarding modifications to the parties' initial proposed

schedule was held on June 29, 2012 and attended by:

        Mark C. Johnson, counsel for plaintiff WAGO Verwaltungsgesellschaft mbH

        Paul J. Tanck, counsel for defendant Rockwell Automation, Inc.

2.      The parties <u>do not</u> consent to the jurisdiction of the United States Magistrate Judge

pursuant to 28 U.S.C. § 636(c).

3.      **Scheduling**

The parties exchanged the disclosures required by L.P.R. 3.1, 3.2, 3.3 and 3.4 prior to the

June 17, 2011 case management conference.

**Defendant's Position on Scheduling**

Defendant has raised the issue with Plaintiff that Plaintiff's exclusive licensee under the

asserted patent, Wago Kontakttechnik ("WKT"), needs to be joined as a necessary party in this

lawsuit.  WKT is a German company that is related to Plaintiff.  On information and belief,

WKT is responsible for designing and developing the products that embody the patented

technology and has the exclusive right to make, use, and sell products under the asserted patent.

Plaintiff has not consented to joining WKT as a necessary party.  Since, Plaintiff will not consent

to joining WKT, Defendant is preparing a motion under FRCP 12(b)(7) and Rule 19 to dismiss

the action based on the failure to join an indispensible party.

If WKT is not joined in this lawsuit (and the lawsuit proceeds), third party discovery

from WKT will still be necessary and critical to proving the parties' claims and defenses in this

lawsuit.  Plaintiff will not agree, however, to produce WKT's documents that are responsive to

Defendant's discovery requests.  Absent Plaintiff's cooperation, discovery will likely proceed

pursuant to the Hague Convention, which is an impediment to expeditious discovery.  <u>See</u>

<u>Hegenbuch</u> v. <u>3B6 Sistemi Elettronici</u>, 2005 WL 6246195, *5 (N.D. Ill. Sept. 12, 2005)

("[C]ompliance with the Hague Convention may be difficult and time consuming" and "[t]he

party seeking discovery may find it difficult to determine what evidence is in the control of the

party urging resort to the Convention."); <u>see</u> <u>also</u> U.S. State Dept. Circular

(http://travel.state.gov/law/judicial/judicial_648.html). Accordingly, Defendant's proposed schedule reflects the additional time required to take evidence abroad in Germany, which in some instances may take 6-12 additional months to obtain.

**Plaintiff's Position on Scheduling**

Plaintiff's proposed schedule is consistent with the LPR, where the dates are calculated from the service of Rockwell's Rule 3.5 contentions.  The Court's order denying Rockwell's Rule 12(c) motion issued on March 7, 2012.  LPR 3.5 invalidity contentions are due no later than 80 days from the filing of an answer.  Rockwell should not be permitted to further delay service of its Rule 3.5 contentions.

WKT is a German company, but it is not "related to" WVG.  Discovery from WKT is not necessary, and certainly not critical, for any of Rockwell's claims or defenses.  WVG does not control WKT, nor is WVG controlled by WKT.  WVG and WKT have different shareholders and are independently controlled under German law.

Moreover, WKT does not own the patent-in-suit, nor does WKT have any right to enforce the patent-in-suit.  WVG has the *sole* right to enforce the patent-in-suit at its *sole* discretion.  WKT is one of multiple parties licensed under the patent-in-suit.  This Court does not have jurisdiction over WKT.  WKT is not an indispensable party.

Notwithstanding these facts, WKT has agreed to provide document production to the extent such production does not invade the individual rights of its employees or require WKT to perform acts in contravention of German law, including German privacy laws and German employment laws, including but not limited to the German Federal Data Protection Act.  Moreover, WKT has already provided substantial production relating to the manufacture and

design of products WVG contends are covered by the patent-in-suit, and relating to licenses to third parties under the patent-in-suit.

The parties propose the following schedule:

| Event | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Rule 26(a)(1) Initial Disclosures | Fri. 08/10/2012 | Fri. 08/10/2012 |
| L.P.R. 3.5 Invalidity and Unenforceability Contentions | Thu. 08/16/2012 | Thu. 12/09/2012 |
| Deadline for amending pleadings and adding parties | Fri. 08/29/2012 | Wed. 4/19/2012 |
| L.P.R. 4.1(a) and (b) Exchange of Proposed Terms for Construction and Supporting Materials | Fri. 08/31/2012 | 4/03/2012 |
| L.P.R. 3.7 Plaintiff's Responses to Defendant's Invalidity and Unenforceability Contentions | Wed. 09/05/2012 | 4/11/2012 |
| L.P.R. 4.1(c) Final List of Claim Terms | Thu. 09/20/2012 | 4/19/2012 |
| L.P.R. 4.2(a) Exchange of Preliminary Claim Constructions and Evidence | Fri. 10/05/2012 | 5/02/2012 |
| L.P.R. 4.3(a) Disclosure of Claim Construction Expert | Mon. 10/15/2012 | 5/16/2012 |
| L.P.R. 4.3(b) Disclosure of Rebuttal Claim Construction Expert | Tues. 11/06/2012 | 6/03/2012 |
| L.P.R. 4.3(c) Completion of Expert Claim Construction Discovery | Wed. 11/21/2012 | 6/18/2012 |
| L.P.R. 4.2(c) Exchange of Final Claim Constructions | Mon. 11/26/2012 | 6/24/2012 |
| L.P.R. 4.4(a) Claim Construction Submissions | Thu. 11/29/2012 | 07/08/2013 |
| L.P.R. 4.4(b) Responsive Claim Construction Submissions | Mon. 01/07/2012 | 08/07/2013 |
| L.P.R. 4.5 Joint Claim Construction and Prehearing Statement | Mon. 01/14/2013 | Thurs. 08/14/2013 |

The schedule above tracks the proposed schedule set forth in the Local Patent Rules.  The parties propose that a Joint Status Report shall be filed within 15 days of the date of the Court's claim construction ruling and that such report should recommend deadlines for LPR 4.7, 4.8 and a dispositive motion briefing schedule (LPR 6.1).  The Joint Status Report will provide an update

on third party discovery pursuant to the Hague Convention and any potential deadlines that need

to set or adjusted as a result.

4.    **Anticipated Motions**

    a.    The parties anticipate filing the following motions:

        i.    __ Preliminary injunction. Proposed briefing schedule: <u>N/A</u>

        ii.    __ Motion to add or substitute parties. Proposed briefing schedule: <u>N/A</u>

        iii.    __ [Other]. Proposed briefing schedule:

    b.    The following issues may be the proper subject of an early motion for summary

        judgment or partial summary adjudication:

        i.    __ Inventorship or Indefiniteness (describe basis)

        ii.    __ Invalidating sale, offer for sale, or display (describe basis)

        iii.    x Other (describe basis)  Defendant's Motion to Dismiss For Failure To

        Join an Indispensible Party Under Rule 12(b)(7) and Rule 19 of the

        Federal Rules of Civil Procedure

5.    **Nature of Dispute**

    a.    Describe the field of the claimed invention:  The claimed invention relates to

        input/output devices for a data bus, such as for use to provide power for machines

        and installations, etc.  Specifically, the modules are adapted for use with support

        rails and are configured such that as adjacent modules are added, a connection is

        formed between data bus and power supply line terminals on adjacent modules so

        that data bus and power supply line paths are extended.  The modularity of the

        system permits customized connections to different type of machines, processor

        systems, etc. to the same data bus and power supply lines.

     b.       Claims asserted: <u>1-4.</u>

     c.       The parties anticipate requesting that the Court construe <u>10-15</u> claim terms.

     d.       Describe the allegedly infringing activity or product:  The accused products are a combination of Rockwell's removable terminal base (wiring) units and Rockwell's input/output modules.  Plaintiffs allege that the combination of the base units with modules forms modular input/output devices that are adapted for use with support rails and are configured such that as adjacent modules are added, a connection is formed between data bus and power supply line terminals on adjacent modules so that data bus and power supply line paths are extended. Rockwell offers different input/output modules that permit customization.

     e.       Describe any potentially non-infringing alternative designs:  <u>Discovery has only just begun and it is too early to know the basis for any non-infringing alternative designs.</u> Defendants do not believe that the accused products infringe and therefore those products themselves are "non-infringing alternative designs."

     f.       The parties <u>have not</u> stipulated that the above-described designs do not infringe the patents in issue.

6.     **Discovery**

     a.       The parties <u>do not</u> anticipate needing to propound interrogatories and/or take depositions in excess of the number provided in the Federal Rules of Civil Procedure.

     b.       Counsel for the parties are still in the process of determining the extent to which special procedures, if any, will be required for the discovery of electronically

stored information. Defendant suggests that the parties use the Federal Circuit's

Model Order on E-Discovery paragraphs 6-11 to govern the production of emails.

http://www.cafc.uscourts.gov/images/stories/announcements/Ediscovery_Model_

Order.pdf.  Plaintiff maintains that the parties should comply with the Federal

Rules of Civil Procedure and the LPR to develop an E-Discovery plan consistent

with Appendix K.  There is no reason to depart from the recently amended

Federal Rules and local rules, which have been put in place to handle such

matters.

The parties agree that ESI shall be produced electronically in an imaged, searchable form.

In addition, the parties agree that when using an outside vendor to produce

documents, production to WVG shall include a Summation load file (i.e., a .dii

file), and production to Rockwell shall include a concordance load file.

c.      For party witnesses testifying in a language other than English, only one-half (.5)

the length of the examination shall count toward the time limit imposed by the

Rules, providing that should the witness be deposed for more than 7 hours on the

record, it be split over two days; for example, a party is permitted to conduct 14

hours of examination over two days of a deponent testifying in a foreign

language.

c.      The parties anticipate the following discovery issues:  See the parties' positions

on scheduling above.

7.      **Protective Order**

     a-b.    The parties are submitting an alternative proposed stipulated protective order for adoption by the Court.

     c.    Identify any issues the Court should be aware of with respect to the confidentiality concerns of the parties: the parties do not anticipate any confidentiality concerns.

**8.**      **Claim Construction Hearing.** The parties propose the following format for the Claim Construction Hearing:

     a.    Order of presentation:  Plaintiff then Defendant

     b.    Anticipated number of witnesses: The parties' LPR 4.5 Joint Claim Construction and Prehearing Statement will set forth the parties' positions as to the number and identities of any anticipated witnesses.

     c.    Anticipated length of hearing: 3-4 hours

9.      **Electronic Exchange of Documents.** The parties have consented, pursuant to Fed. R. Civ. P. 5(b)(2)(E), to the electronic exchange of pleadings, notices, discovery, and other mandated disclosures not otherwise served electronically via the Court's electronic filing system. In addition, the parties have agreed that when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(E), an additional three days <u>shall not</u> be added to a period that would otherwise expire under Fed. R. Civ. P. 6(a).

10.    **Alternative Dispute Resolution.** The parties have discussed settlement and the appropriateness of Alternative Dispute Resolution.  The parties have determined that the case is not suitable for Alternative Dispute Resolution at this time, but may be so at some point during discovery or after the completion of discovery.

11.    **Miscellaneous**

The parties have agreed that no party shall be required to identify on its withheld document log any document or communication dated on or after the filing date of this action (*i.e.*, February 17, 2011) which, absent this provision, the party would have been obligated to identify on its withheld document log.

Date:  August 3, 2012                          Respectfully submitted,


/s/ Paul J. Tanck (by consent)                 /s/ Mark C. Johnson
Scott Balber (admitted in N.D. Ohio)           Jay R. Campbell
Paul J. Tanck (admitted *pro hac vice*)        Mark C. Johnson
Chadbourne & Parke LLP                         Renner, Otto, Boisselle & Sklar, LLP
30 Rockefeller Plaza                           1621 Euclid Avenue, 19th Floor
New York, N.Y. 10112                           Cleveland, Ohio 44115
(212) 408-5100 (voice)                         (216) 736-3170 (voice)
(212) 230-8888 (fax)                           (216) 621-6165 (fax)
sbalber@chadbourne.com                         jcampbell@rennerotto.com
ptanck@chadbourne.com                          mjohnson@rennerotto.com

COUNSEL FOR DEFENDANT                          Robert N. Cook
ROCKWELL AUTOMATION, INC.                      Whitham, Curtis, Christofferson & Cook, P.C.
                                               11491 Sunset Hills Road, Suite 340
                                               Reston, Virginia 20190
                                               (703) 787-9400 (voice)
                                               (703) 787-7557 (fax)
                                               bob@wcc-ip.com

                                               COUNSEL FOR PLAINTIFF
                                               WAGO VERWALTUNGSGESELLSCHAFT
                                               MBH

## CERTIFICATE OF SERVICE

I certify that, on August 3, 2012, I caused the foregoing REVISED REPORT OF

PARTIES' PLANNING MEETING UNDER FED. R. CIV. P.26(f), L.R. 16.3(b)(3) AND L.P.R.

2.1 to be electronically filed.  All parties are represented by attorneys of record registered with

CM/ECF and will receive service electronically. There is no party requiring a different form of

service.


/s/ Mark C. Johnson
Mark C. Johnson

Counsel for Plaintiff
WAGO VERWALTUNGSGESELLSCHAFT
MBH