# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| WAGO VERWALTUNGSGESELLSCHAFT MBH,<br>Plaintiff,<br><br>v.<br><br>ROCKWELL AUTOMATION, INC.,<br>Defendant. | Case No. 1:11CV756<br><br>JUDGE CHRISTOPHER A. BOYKO |

## STIPULATED PROTECTIVE ORDER

The parties to this action have agreed to the terms of this Stipulated Protective Order; accordingly, it is ORDERED:

1. **Scope.** All disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.      Form and Timing of Designation.**  A party or non-party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words CONFIDENTIAL or ATTORNEYS EYES ONLY on the document in a manner that will not interfere with the legibility of the document.  Documents shall be designated prior to or at the time of the production or disclosure of the documents.  When a tangible object is produced for inspection subject to protection under this Order, the party or non-party making the production shall state whether the object is CONFIDENTIAL or ATTORNEYS EYES ONLY and a photograph of the object shall be made and produced at the time of inspection or within a reasonable time thereafter, labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY.  Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation.  When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation.  The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.  By written stipulation, the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled.  All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation.  The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be

2

subject to protection under this Order in accordance with their designation.  The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Material Which May be Designated CONFIDENTIAL.**  Any party or non-party may designate material as CONFIDENTIAL; provided, however, such designation shall constitute a representation to the Court that the designating person in good faith believes that the material so designated contains information protected from disclosure by statute or which should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive research, development or commercial information that is not publicly available.  Documents that are publicly available may not be designated for protection under this Order.

4. **Material Which May be Designated ATTORNEYS EYES ONLY.**  Any party or non-party may designate material as ATTORNEYS EYES ONLY; provided, however, such designation shall constitute a representation to the Court that the designating party or non-party in good faith believes that the material so designated contains information protected from disclosure by statute or which should be protected from disclosure as trade secrets or other highly confidential research, development, or commercial information, or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.  For the avoidance of doubt, computer source code may be designated ATTORNEYS EYES ONLY under this order

5. **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY only if designated as such.  Such designation shall be specific as to

3

the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order.  At the deposition a party may temporarily designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript.  In such a circumstance, the parties shall review the final transcript and, within thirty days of the receipt thereof, specifically designate the testimony and exhibits that will be protected under this Order.  Thereafter, only the specifically designated testimony and exhibits shall be protected under the terms of this Order.  In the event that an entire deposition was temporarily designated confidential, and a party demonstrates a need to use a portion of the deposition testimony, that party shall inform the designating party which portions of the deposition it desires to use and the designating party shall within 1 business day identify whether such portions are designated for protection under this Order.

      **6.**       **Protection of Confidential Material.**

      **(a)**       **Protection of Documents Designated CONFIDENTIAL.**  Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action or any action or proceedings involving the parties, and of any appeal thereof.  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7) below.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

      **(1)**       **Outside Counsel.**  Outside counsel for the parties and employees and agents of outside counsel who have responsibility for the

preparation and trial of this action.

(2)    **Parties.**  Directors, officers, and employees of a party to this action.

(3)    **The Court.**  The Court and its personnel.

(4)    **Court Reporters, Recorders, and Translators.**  Court reporters, recorders, and translators engaged for depositions or other work related to this action.

(5)    **Persons Creating or Receiving Documents.**  Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.  During a deposition, counsel for a party may show any document to any witness if counsel has a good faith basis to believe that the foregoing applies to that witness and the document, subject to objection by opposing counsel and interrogation of the witness to determine if the foregoing does in fact apply to the witness and the document.

(6)    **Consultants, Investigators, and Experts.**  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to be Bound."

(7)    **Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be

Bound."

**(b)     Protection of Documents Designated ATTORNEYS EYES ONLY.**

Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any

purpose whatsoever other than the prosecution or defense of this action or any action or

proceedings involving the parties, and of any appeal thereof.  The parties and counsel for the parties

shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES

ONLY to any third person or entity except as set forth in subparagraphs (1)-(7) below.  Subject

to these requirements, the following categories of persons may be allowed to review documents

that have been designated ATTORNEYS EYES ONLY.

> **(1)     Outside Counsel.**  Outside counsel for the parties and
> employees and agents of outside counsel who have responsibility for the
> preparation and trial of the action.

> **(2)     The Court.**  The Court and its personnel.

> **(3)     Court Reporters, Recorders, and Translators.**  Court
> reporters, recorders, and translators engaged for depositions or other work
> related to this action.

> **(4)     Persons Creating or Receiving Documents.**  Any person who
> authored or recorded the designated document, and any person who has previously
> seen or was previously aware of the designated document.  During a deposition,
> counsel for a party may show any document to any witness if counsel has a good
> faith basis to believe that the foregoing applies to that witness and the document,
> subject to objection by opposing counsel and interrogation of the witness to
> determine if the foregoing does in fact apply to the witness and the document.

6

(5)     **Consultants, Investigators, and Experts.**  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to be Bound."

(6)     **Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to be Bound."

(c)     **Control of Documents.**  Outside counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order.  Outside counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after the latter of the dismissal of the action, the entry of final judgment, or the conclusion of any appeals arising therefrom.

(d)     **Copies.**  All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy.  All such copies shall be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

(e)     **Source Code.**    Notwithstanding the foregoing, any computer source code produced in discovery shall be deemed as designated ATTORNEYS EYES ONLY, unless such designation is expressly waived by the producing party, and shall be subject to the additional protections set forth in this paragraph.

(1)     Computer source code shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at the office of the producing party's counsel, in the case of plaintiff, Renner, Otto, Boisselle & Sklar, LLP (1621 Euclid Avenue, 19th Floor, Cleveland, Ohio 44115), and in the case of defendant, Chadbourne & Parke LLP (30 Rockefeller Plaza, New York, NY 10112).  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party may keep a log indicating the names of any individuals inspecting the source code and may visually monitor the activities of the receiving party's representatives, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(2)     The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth herein above, and the receiving party shall keep a paper

8

log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

(f)     **Inadvertent Production.**  Inadvertent production of any document or information without a designation of CONFIDENTIAL or ATTORNEYS EYES ONLY shall be governed by Fed. R. Evid. 502.  Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or to protection as work product or trial preparation material shall be, upon written request, promptly returned to the producing person, or destroyed, at that person's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking prompt judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

(g)     **Consultant, Investigator, or Expert.**   A Consultant, Investigator, or Expert for the purposes of this agreement (1) may not be presently employed by the Parties hereto for purposes other than this Action; (2) must complete the certification contained in Attachment A hereto which must be served on the parties along with the resume or curriculum vitae of the proposed Consultant, Investigator, or Expert, including an identification of the proposed Consultant's, Investigator's, or Expert's current employer, at least seven (7) days before access to the CONFIDENTIAL or ATTORNEY'S EYES ONLY material is to be given to that Consultant, Investigator, or Expert.  Any objection to the disclosure of materials to a Consultant, Investigator, or Expert must be made in writing within seven (7) days after a party has provided the necessary materials and information required by sub-part (2) of the preceding sentence.  The parties agree to promptly confer and use good faith to resolve any such

9

objection.  If the parties are unable to resolve any objection, the objecting party may file a

motion with the Court within fourteen (14) days of the objection notice, or within such other

time as the parties may agree, seeking a protective order with respect to the proposed

disclosure.  The objecting party shall have the burden of proving the need for a protective

order preventing disclosure to the Consultant, Investigator, or Expert.  No disclosure shall

occur until all such objections are resolved by agreement or Court order.

      **7.**      **Filing of CONFIDNETIAL or ATTORNEYS EYES ONLY Documents**

**Under Seal**.  The Court highly discourages the manual filing of any pleadings or other papers

under seal.  To the extent that a pleading or other paper references an exhibit designated for

protection under this Order, then the pleading or other paper shall refer the Court to particular

exhibit filed under seal without disclosing the contents of any confidential information.

      (a)      Before any exhibit designated for protection under this Order is filed under seal

with the Clerk, the filing party shall first consult with the party that originally designated the

document for protection under this Order to determine whether, with the consent of that party,

the exhibit or a redacted version of the exhibit may be filed with the Court not under seal.

      (b)      Where agreement is not possible or adequate, an exhibit designated for protection

under this Order shall be filed electronically under seal in accordance with the electronic case

filing procedures of this Court.

      (c)      Where filing electronically under seal is not possible or adequate, before an

exhibit designated for protection under this Order is filed with the Clerk, it shall be placed in a

sealed envelope marked CONFIDENTIAL or ATTORNEYS EYES ONLY, which envelope

shall also display the case name, docket number, a designation of what the exhibit is, the name of

the party in whose behalf it is submitted, and the name of the attorney who has filed the exhibit

on the front of the envelope.  A copy of any exhibit filed under seal shall also be delivered to the judicial officer's chambers.

(e)  To the extent that it is necessary for a party to discuss the contents of any document designated for protection under this Order in a pleading or other paper filed with this Court, then such portion of the pleading or other paper shall be filed under seal.  In such circumstances, counsel shall prepare two versions of the pleading or other paper, a public and a sealed version.  The public version shall contain a redaction of references to CONFIDENTIAL or ATTORNEYS EYES ONLY documents.  The sealed version shall be a full and complete version of the pleading or other paper and shall be filed with the Clerk under seal as above.  A copy of the unredacted pleading or other paper also shall be delivered to the judicial officer's chambers.

**8.  Challenges by a Party to a Designation for Protection Under this Order.**
Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "objecting party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.  If no agreement is reached, the objecting party may file a motion as specified in Paragraph 9.  The party seeking to maintain the designation shall have the burden of proving the materials are CONFIDENTIAL or ATTORNEYS' EYES ONLY.

**9.  Action by the Court.**  Applications to the Court for an order relating to any

11

documents designated for protection under this Order shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**10.  Use of Confidential Documents or Information at Trial.**  Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order.  If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order at the time of the disclosures required under Federal Rule of Civil Procedure 26(a)(3) by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.).  Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11.  Obligations on Conclusion of Litigation.**

**(a)  Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)  Return of Documents Designated for Protection Under this Order.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in Paragraph 6(d), shall be returned to the producing party or destroyed, under the terms given below, unless the document has been offered into evidence or filed without restriction as to disclosure.  The parties agree that documents bearing the notations, summations, or other

12

mental impressions of the receiving party may be destroyed rather than returned to the producing party.  In the case where the receiving party destroys the documents, the receiving party shall certify to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, outside counsel for any party may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order.  Outside counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order.  This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

      **(c)**      **Return of Documents Filed under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

      **12.**      **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

      **13.**      **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents

designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal

Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific

document or issue.

**14.** **Persons Bound.**  This Order shall take effect when entered and shall be

binding upon all counsel and their law firms, the parties, and persons made subject to this

Order by its terms.

**So Ordered.**

Dated:     August 9, 2012
    _____

          s/ Christopher A. Boyko
          _____

U.S. District Judge

~~U.S. Magistrate Judge~~

14

**WE SO MOVE/STIPULATE
and agree to abide by the
terms of this Order.**


Date:  August 3, 2012                                   Respectfully submitted,


/s/ Paul J. Tanck (by consent)                    /s/ Mark C. Johnson
Scott Balber (admitted in N.D. Ohio)         Jay R. Campbell
Paul J. Tanck (admitted *pro hac vice*)       Mark C. Johnson
Chadbourne & Parke LLP                         Renner, Otto, Boisselle & Sklar, LLP
30 Rockefeller Plaza                               1621 Euclid Avenue, 19th Floor
New York, N.Y. 10112                             Cleveland, Ohio 44115
(212) 408-5100 (voice)                            (216) 736-3170 (voice)
(212) 230-8888 (fax)                               (216) 621-6165 (fax)
sbalber@chadbourne.com                         jcampbell@rennerotto.com
ptanck@chadbourne.com                          mjohnson@rennerotto.com

COUNSEL FOR DEFENDANT                    Robert N. Cook
ROCKWELL AUTOMATION, INC.           Whitham, Curtis, Christofferson & Cook, P.C.
                                                            11491 Sunset Hills Road, Suite 340
                                                            Reston, Virginia 20190
                                                            (703) 787-9400 (voice)
                                                            (703) 787-7557 (fax)
                                                            bob@wcc-ip.com

                                                            COUNSEL FOR PLAINTIFF
                                                            WAGO VERWALTUNGSGESELLSCHAFT
                                                            MBH

**STIPULATED PROTECTIVE ORDER ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

WAGO VERWALTUNGSGESELLSCHAFT MBH,
                    Plaintiff,

v.                                                                    Case No. 1:11CV756

ROCKWELL AUTOMATION, INC.,                JUDGE CHRISTOPHER A. BOYKO
                    Defendant.

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in

the above-captioned action and attached hereto, understands the terms thereof, and agrees to be

bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court

for the Northern District of Ohio in matters relating to the Protective Order and understands that the

terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or

ATTORNEYS EYES ONLY in accordance with the Order solely for the purposes of the above-

captioned action, and not to disclose any such documents or information derived directly therefrom

to any other person, firm or concern.  The undersigned acknowledges that violation of the Protective

Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer and Business Address:  _____

Date: _____   Signature: _____