UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WAGO Verwaltungsgesellschaft mbH,           )<br>            Plaintiff,                            )<br>                                                        )<br>vs.                                                    )<br>                                                        )<br>                                                        )<br>Rockwell Automation, Inc.,                 )<br>            Defendant.                         )<br>                                                        )<br>                                                        )  | JUDGE CHRISTOPHER A. BOYKO<br><br><br>CASE NO.  1:11CV756<br><br><br>NOTICE OF CASE MANAGEMENT<br>CONFERENCE |

All counsel and /or parties will take notice that the above entitled action has been set for a **Case Management Conference (CMC)** on **Friday, October 5, 2012, at 10:00 a.m.** before **Judge Christopher A. Boyko**. **United States District Court Local Rule 16.1 will apply to this case.  LEAD COUNSEL AND ALL PARTIES MUST BE PRESENT IN PERSON.** If the presence of lead counsel and parties will constitute an undue hardship, a written motion to excuse the presence of such person must be filed no later than seven (7) days prior to the CMC or the motion will not be considered.

This case is subject to the provisions of Differentiated Case Management (DCM) as set forth in the Local Rules of the Northern District of Ohio. This Court will evaluate this case in accordance with the LR 16.2(a)(1) and assign it to one of the case management tracks. Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and time lines governing discovery practice, motion practice and trial.

Unscheduled Motions for Summary Judgment may not be filed unless leave of Court has been sought and granted.

Except in government collection cases and actions by unrepresented prisoners, the parties shall meet prior to the CMC to discuss the case and prepare a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f). The Court places the burden of arranging this meeting on counsel for Plaintiff(s) if originally filed with this Court or, on counsel for Defendant(s) if removed.  Unless this is an employment discrimination claim subject to the Court's Pilot Program Standing Order, (See Judge Boyko's webpage) the parties shall, at or within 10 days after the meeting and without awaiting a discovery request, provide the basic information to the other parties specified by Fed. R. Civ. P. 26(a)(1) (initial disclosures). Fed. R. Civ. P. 26(a)(2) (disclosure of expert testimony) and Fed. R. Civ. P. 26(a)(3) (pretrial disclosures) shall also apply in this case. A Report of Parties' Planning Meeting under Fed. R. Civ. P. 26(f) and Local Rule 16.3 (b), (parties may use attached form) shall be filed with the Court at least three working days before the CMC. Pursuant to Fed. R. Civ. P. 26(d), a party may not seek formal discovery from any source before the parties have met and conferred.

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories , requests for documents, requests for admissions, answers and responses thereto shall not be filed with the Clerk's office, except that discovery materials may be filed as evidence in support of a motion or for use at trial. Certain claims allow for, or entitle, prevailing parties to collect attorney fees from the other party. If this case contains such a claim, each party must bring to the Case Management Conference a preliminary estimate and/or budget of the anticipated amount of fees and expenses.

Lead counsel of record shall provide a copy of this report to his or her client prior to the CMC. These reports will be exchanged at the CMC. Plaintiff(s) shall provide defendant(s) with a written demand to include a description and monetary breakdown of the damages claimed no later than one week prior to the date of the Status Conference. Defendant(s) shall respond with an offer no later than the date of the Status Conference.

It is the responsibility of counsel for the plaintiff(s) to verify that a copy of this Order has been received by counsel for defendant(s) or, if no counsel has entered an appearance for defendant(s), has been received by defendant(s).

**Please note, effective January 1, 2006, ALL attorneys who practice before this Court are REQUIRED to file electronically pursuant to Local Civil Rule 5.1(c).**

**Further, any attorney desiring to practice in a case before this Court, whose name has not appeared on an initial pleading or motion, shall enter a written notice of appearance.**

**Failure to comply with any standing order, case management order, or settlement conference order may result in sanctions.**

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko  
                                                CHRISTOPHER A. BOYKO  
                                                United States District Judge

DATE: September 19, 2012